IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAQUAN LAMONT STEVENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 10-780-SLR |
| ) | |
| HAYS STATE PRISON and ) | |
| SOUTH FULTON REGIONAL ) | |
| JAIL, ) | |
| ) | |
| (Holders of the Key), ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this 15th day of December, 2010, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner Daquan Lamont Stevens' ("petitioner") application for habeas relief (D.I.1) is dismissed for the reasons that follow:

**1. Background.** Presently pending before the court is petitioner's application "for writ of habeas corpus pursuant to 28 U.S.C. § 2241." (D.I. 1) The application asserts nine grounds for relief, all of which appear to concern petitioner's conviction in Georgia for malice murder and other related offenses. *Id.*; *see Stevens v. State*, 690 S.E.2d 816 (Ga. 2010). Petitioner contends that respondents are "foreign commercial corporations" wrongfully imprisoning him in the State of Georgia, and that the Georgia courts are incorporated "either directly and indirectly in the State of Delaware." (D.I. 1, at p. 2) Consequently, he asserts that this court has jurisdiction to hear his claims because the court has "original administrative jurisdiction and authority over

corporations, courts, and all other public offices" under the "Administrative Procedures Act of 1946" and "The Foreign Sovereign Immunities Act." *Id.* For relief, petitioner asks the court to demand his immediate discharge." *Id.*

2. **Standard of Review.** Federal courts are required to liberally construe pro se filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

3. **Discussion.** Having reviewed the face of the petition, the court concludes that summary dismissal is appropriate in this case. Contrary to petitioner's assertion, the court does not have jurisdiction over the instant proceeding because petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this Court.[1] *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Accordingly, the instant case cannot proceed in this court.

4. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28

---

[1]In addition, petitioner has not exhausted state remedies as required by § 2254(b)(1)(A). *See Stevens v. Brown*, Civ. Act. No. 09-2878-TWT, Order & Judgment (D. N.D. Ga. Sept. 15, 2010)(dismissing petitioner's case for lack of jurisdiction for failure to exhaust state remedies).

U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

    IT IS FURTHER ORDERED that the clerk of the court shall close the case.

                                                                               _____
                                                                               UNITED STATES DISTRICT JUDGE